UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY LAMONT BLACKWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:20-CV-1199 JAR |
| ) | |
| MISSOURI DEPARTMENT OF REVENUE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of self-represented plaintiff Timothy Lamont Blackwell for leave to commence this action without prepaying required fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. *See* 28 U.S.C. § 1915(a)(1). Plaintiff's second motion[1] to proceed without prepayment of fees will be denied as moot. ECF No. 3.

Furthermore, because plaintiff proceeds in this action without prepayment of fees, the Court is required to review his filings under 28 U.S.C. § 1915, which governs proceedings brought *in forma pauperis*. After reviewing the filings from plaintiff and liberally construing his allegations, the Court finds that this case should be dismissed without prejudice as frivolous.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or

---

[1] After filing his motion to proceed without prepaying fees and costs on September 2, 2020 (ECF No. 2), plaintiff filed a second form motion requesting the same relief on October 13, 2020. *See* ECF No. 3. The second motion is blank on all financial information and is signed by "Khnemu Ka Ba Shu El." On the same date as the filing of this second motion, plaintiff filed a 'Notice of Public Records Correction' from the Moorish Divine and National Movement of the World which states that plaintiff's "former name, Timothy Lamont Blackwell, is to be corrected on all records replaced with the name, Khnemu Ka Ba Shu El." ECF No. 4 at 1.

seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While federal courts should not dismiss an action commenced *in forma pauperis* if the facts alleged are merely unlikely, the court can properly dismiss such an action as factually frivolous if the facts alleged are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327). Allegations are clearly baseless if they are "fanciful," "fantastic," "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.*

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623

F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

**Plaintiff's Filing: "Notice to All: Affidavit of Truth and Repudiation" (ECF No. 1)**

Plaintiff Timothy Lamont Blackwell, otherwise known as Khnemu Ka Ba Shu El, initiated this action with this Court by filing a "Notice to All: Affidavit of Truth and Repudiation." ECF No. 1. In this filing plaintiff describes himself as a "free born sovereign, Secured Party Creditor" who is not "subject to any entity anywhere" and who "may voluntarily by my own desire, choose to comply with the 'laws' which others attempt to impose." *Id.* at 1. Plaintiff further states:

> I, reserve my natural right not to be compelled to perform under any "contract" that I did not enter into knowingly, voluntarily, and intentionally. ... As such, the hidden or unrevealed "contracts" that supposedly create "obligations" to perform, for persons of subject status, are inapplicable to me, and are null and void. If I have, participated in any of the supposed "debts" ... I have done so under duress, and as a victim of fraud ... Any such participation does not constitute "acceptance," because of the absence of full disclosure of any valid offer ... and therefore, there is no valid contract. ... And, is Fraud. As is any perceived debts acquired there from.

*Id.* at 2-3.

Plaintiff then attempts to repudiate any contracts he unintentionally entered into by issuance of a birth certificate, by use of national currency, by use of a bank account, by use of a driver's license, by putting license plates on his vehicle, by use of a passport, by filing tax returns, by voting, by accepting U.S. Citizenship, by the U.S. Constitution, and by the government's "[u]se of semantics." *Id.* at 3-8. Plaintiff denounces his U.S. Citizenship and states that he is not subject to the jurisdiction of any court. *Id.* at 6-7. He says that he is "a man, a living soul, created by Allah." *Id.* at 8. He then attempts to revoke "all powers of attorney." *Id.* at 9-10. It is not clear what relief plaintiff seeks in filing this Notice with the Court.

However, plaintiff cites a case number and garnishment number multiple times in his Notice: "Case No. 1022-MC07179" and "GARN No. 20-GARN-1932."[2] *Id.* at 1-3. A search on Missouri Case.net, the State of Missouri's online docketing system, indicates that a case was initiated in 2016 in Missouri state court in which multiple garnishments were requested and issued against plaintiff's wages in an attempt to recover an unsatisfied judgment rendered against plaintiff from 2010. *Mo. Dep't of Revenue v. Blackwell*, No. 1022-MC07179 (22nd Jud. Cir. filed Sept. 3, 2016). One of the garnishments (20-GARN-1932), issued on July 6, 2020, was requested by attorney Mike Kisling on behalf of the Missouri Department of Revenue for $4,101.31.

Attached to plaintiff's Notice are exhibits titled: "Declaration of Commercial Affidavit of Truth," "Common Law Copyright Notice," and "Commercial Security Agreement." ECF No. 1-1. These exhibits all seem to relate to "Timothy-Lamont: Blackwell" being the Secured Party Creditor for Debtor "Timothy Lamont Blackwell ©."

**Plaintiff's Filing: "Notice of Public Records Correction" (ECF No. 4)**

On October 13, 2020, plaintiff filed an undated document titled "Notice of Public Records Correction," issued by "The Moorish Divine and National Movement of the World," which states that all records under the name "Timothy Lamont Blackwell" should be corrected to include the name "Khnemu Ka Ba Shu El." ECF No. 4 at 1. The remaining pages of this filing are formatted like a complaint with a caption and sections subtitled for jurisdiction, venue, facts, legal claims, and relief. *Id.* at 2-6.

Plaintiff describes this case as an action for "declaratory relief and damages" brought under the jurisdiction "invoked under The Zodiac Constitution." *Id.* at 2. Under the 'Facts'

---

[2] The Court notes that the garnishment number in the caption of plaintiff's Notice is different by one number: "GARN No. 21-GARN-1932," which appears to be a typographical error. *See* ECF No. 1 at 1.

section, plaintiff states that on November 12, 2010, a judgment was entered against Debtor Timothy Lamont Blackwell. In March 2020, attorney Michael Kisling sought garnishment of plaintiff's wages by filing a suit in Missouri court, and a resulting writ of garnishment was issued in July 2020. *Id.* at 3-4. However, plaintiff states that secured party Khnemu Ka Ba Shu El "holds a prior, superior, security interest and claim on the DEBTOR and Debtor's property." *Id.* at 3.

Under the 'Legal Claims' section, plaintiff states: "Michael S. Kisling knowingly committed fraud as he knowingly has been administering in a capacity which he does not have jurisdiction, delegation of authority, or judicial powers delegated from the legislature." *Id.* at 4. Plaintiff then requests relief in the form of enforcement of his constitutional rights and money damages against named defendant Missouri Department of Revenue, but also against the City of St. Louis and Attorney Michael Kisling. *Id.* at 5.

## Discussion

The Court has carefully reviewed and liberally construed plaintiff's filings and concludes that none of the allegations state a plausible claim for relief. The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner, setting out their alleged claims and the facts supporting those claims as to each defendant in a simple, concise, and direct manner. *See* Fed. R. Civ. P. 8, 10. Even self-represented litigants are obligated to abide by these Rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Nowhere in the complaint does plaintiff set forth a short and plain statement of what he claims entitles him to relief as required by Rule 8 of the Federal Rules of Civil Procedure. Plaintiff does not even mention the defendant by name in his facts and legal claims alleged.

As best the Court can decipher, it seems that although plaintiff denies that this Court has jurisdiction over him, he seeks this Court's jurisdiction in order to compel the defendant to pay

him money damages. It appears that plaintiff's claim for money damages is founded on the conclusion that an order garnishing his wages should not have been issued by a Missouri court. However, he does not seem to seek an overruling or appeal of that garnishment order. Instead, he asks the Court to find that attorney Michael Kisling overstepped his bounds and acted fraudulently in seeking a garnishment order in the first place. As best as the Court can interpret, plaintiff's basis for this argument is his Moorish ancestry, the lack of jurisdiction over him by any court, and his repudiation of all contracts he has been a party to in the past. These factors – in addition to his allegation that secured party Khnemu Ka Ba Shu El holds a prior claim to plaintiff's wages – allegedly makes attorney Kisling's actions in requesting and receiving a garnishment order, fraudulent.

Claims of this nature are often asserted by people who claim to be exempt from various laws and from the jurisdiction of the courts, and who seek to avoid the consequences of legal action against them. Such claims completely lack merit and have been summarily rejected as frivolous by the Eighth Circuit Court of Appeals and other federal courts. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (characterizing as frivolous an appeal in a tax case challenging government's jurisdiction over a "sovereign citizen," where appellant filed a document titled "Common-law Liens"); *United States v. Sterling,* 738 F.3d 228, 233 n. 1 (11th Cir. 2013) (noting that legal theories of sovereign citizens have been summarily rejected as frivolous); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (collecting cases rejecting as frivolous claims of a "sovereign citizen" or a "secured-party creditor").

Although the Court is to give plaintiff's filings the benefit of a liberal construction, the Court will not create facts or construct claims. *See Stone*, 364 F.3d at 914-15 (refusing to supply additional facts or to construct a legal theory for a self-represented plaintiff). Plaintiff has not provided any facts to support a non-frivolous claim against the named defendant, Missouri

Department of Revenue.[3]  As such, this case is dismissed as frivolous under 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed without prepaying fees and costs [ECF No. 2] is **GRANTED**.  The filing fee in this matter is waived.

**IT IS FURTHER ORDERED** that plaintiff's second motion for leave to proceed without prepaying fees and costs [ECF No. 3] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue because this case is legally frivolous.  Plaintiff's claims against defendant Missouri Department of Revenue are **DISMISSED without prejudice**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 9th day of November, 2020.

                                                  */s/ John A. Ross*
                                                  JOHN A. ROSS
                                                  UNITED STATES DISTRICT JUDGE

---

[3] If plaintiff had stated a non-frivolous claim against the defendant Missouri Department of Revenue, the Court notes that this claim would be subject to dismissal as being brought against a defendant who is immune. Because the named defendant is a division of the state, it is protected by sovereign immunity. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *see also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court."); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court."); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." (internal citation omitted)).